**Russell T. HALLIDAY**

v.

**UNITED STATES of America.**

**Civ. A. No. 66–325.**

United States District Court
D. Massachusetts.

Nov. 1, 1967.

Laurence M. Johnson, John A. Canavan, Jr., Nutter, McClennen & Fish, Boston, Mass., Court-apptd., for petitioner Paul F. Markham, U. S. Atty., Herbert N. Goodwin, Asst. U. S. Atty., for respondent.

## OPINION

CAFFREY, District Judge.

This matter came before the Court upon the basis of a petition filed pursuant to 28 U.S.C.A. sec. 2255. The petitioner is presently in the custody of the Attorney General of the United States, serving a sentence imposed by another judge of this court on October 27, 1954.

At the hearing, held October 17, 1967, counsel for the petitioner and the Government stipulated that the decision of this petition was to be made upon the basis of the transcript of petitioner's trial, supplemented by the transcript of a hearing held on November 28, 1966 by the judge who presided at the trial, and the transcript of the hearing of October 17. The judgment entered on the basis of the November 28, 1966 hearing conducted by the judge who presided at Halliday's trial was vacated by order of the Court of Appeals for this Circuit in an opinion dated July 12, 1967, Halliday v. United States, 1 Cir., 380 F.2d 270.

Petitioner seeks to have the judgment vacated and a not guilty plea re-instated because, he says, the trial judge violated the provisions of Rule 11, Federal Rules of Criminal Procedure. He further claims that when pleading guilty he was confused and did not understand the various matters as to which inquiry should have been made by the trial judge. The remaining point raised in his petition, to the effect that petitioner had been denied his right of allocution, was disposed of adversely to Halliday in the opinion of the Court of Appeals for the First Circuit.

In 1954, Rule 11 required that the Court determine that the guilty plea was made voluntarily with understanding of the nature of the charge. It did not require the Court to conduct a personal interrogation of the defendant as it now does. The record indicates that the defendant was represented by counsel and that the Court did not personally interrogate the defendant as to the voluntariness of the change of plea or his understanding of the nature of the charges against him. The question to be determined at this hearing is affirmatively stated in the opinion of the Court of Appeals as follows, "If the defendant in fact had the requisite knowledge and state of mind when he pleaded, he has not been harmed, while the government would be seriously prejudiced by having to go to trial at this late date."

Thus, the issues of fact herein are (1) did the defendant understand the nature of the charges against him in each of the three counts, and (2) did he change

his plea as to each of the three counts voluntarily?

The record indicates that Halliday was represented at the trial by George H. Lewald, Esq., then a member of the legal staff of the Massachusetts Voluntary Defenders. Mr. Lewald and the petitioner testified at the first hearing on this petition held on November 28, 1966 and at the second hearing held on October 17, 1967. Mr. Halliday testified that while he was incarcerated at Alcatraz he was informed by another inmate that he "might be entitled to some relief in a proceeding such as this," that thereafter while incarcerated at the federal penitentiary in Atlanta, he filed a petition in the United States District Court for the District of Georgia, which was dismissed, and that thereafter the instant petition was filed. He testified on October 17 that his testimony as reflected in the transcript of the November 28, 1966 hearing was absolutely true, that he was "absolutely not * * * ever informed of defenses to the charges against (him) or matters in mitigation thereof."

Mr. Lewald testified that he represented Mr. Halliday at the jury trial in 1954, that prior to the trial he visited Mr. Halliday at the East Cambridge jail, that he had a copy of the indictment with him, that he went over the charges with Mr. Halliday and explained to him the necessary elements which the Government would have to prove in order to sustain its burden, and that he explained what the maximum penalty was in terms of years on each of the three counts. Mr. Lewald further testified that Mr. Halliday admitted to him his implication in the crimes charged and that their discussion of the facts did not suggest any defense which Mr. Lewald could advance on behalf of Mr. Halliday. Mr. Lewald testified, "The only defense we had was the potential failure of the Government in proving some necessary element of the case * * * and * * * I knew of no absence of proof that the Government was suffering under * * * I had no reason to belive at that time that the Government could not sustain its burden."

Mr. Lewald agreed with Mr. Halliday's testimony to the effect that he did not advise Mr. Halliday of any defenses, stating the reason for this was the fact that he was not aware then and was not aware on October 17, 1967 of any defenses available to Mr. Halliday. He stated that "Mr. Halliday gave me no facts on which to base any defense." Mr. Lewald said that alibi defense was not discussed because of Halliday's admission to him of his implication in the offenses charged. Mr. Lewald further testified, "I went over with Mr. Halliday the probable Government theory of a joint enterprise here on behalf of all the defendants." He testified that after going over the indictment with Halliday he obtained all the facts he could from Halliday and from any other source that was available to him in preparation for the trial.

Mr. Lewald testified that when he came into court on the morning of the fourth day of the trial he was informed by a court officer that Mr. Halliday and a co-defendant wanted to see him, that he walked over to Mr. Halliday, and was told that "he and Mr. Schworm wanted to change their plea that morning before testimony started * * *. This rather surprised me. I asked him why. They said this fellow is killing us, meaning the Assistant U. S. Attorney." At this point Mr. Lewald informed the court that a change of plea was desired and it took place.

Mr. Lewald further testified that at no time did he know what sentence would be imposed nor did he make any representation to Halliday as to what the sentence would be.

Having in mind the demeanor and appearance of the witnesses, Halliday and Lewald, the nature of the testimony given by both, their respective degree of interest or lack of interest in the outcome of this matter, the transcript of the jury trial, and the transcript of the November 28, 1966 hearing, I am satisfied that the Government has sustained

its burden of showing that at the time petitioner Halliday changed his plea he in fact did understand the nature of the three charges against him and that he changed his plea voluntarily, with full awareness of the consequences of the change of plea. I do not credit his testimony at the November 28, 1966 hearing, which he re-adopted at the October 17, 1967 hearing, to the effect that he did not understand the nature of the charges against him, that his change of plea originated with his lawyer rather than with himself, and that he had been promised a concurrent sentence of not more than twenty years.

Order accordingly.