Russell T. HALLIDAY, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 7070.

United States Court of Appeals
First Circuit.

May 8, 1968.

Laurence M. Johnson, Boston, Mass., with whom Nutter, McClennen & Fish, Boston, Mass., was on brief, for appellant.

George A. Sheehy, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of petitioner's motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255. It is the second time the district court's denial of this motion has come to us for review. Halliday v. United States, 380 F.2d 270 (1st Cir. 1967).

In 1954 petitioner and several others went to trial on three indictments. After two full days of trial petitioner, through his counsel, requested that he be allowed to change his plea. Thereupon the trial court accepted his pleas of guilty and imposed substantial prison sentences. Nearly twelve years later (1966) petitioner filed the instant motion to vacate the convictions and pleas of guilty. He asserts that in accepting these pleas the court did not determine as required by Fed.R. Crim.P. 11 that they were made voluntarily with understanding of the nature of the charges; also, that he was denied the right of allocution in violation of Fed.R. Crim. P. 32(a).

The trial judge who accepted the guilty pleas in 1954 heard this motion initially and denied it. On appeal we rejected petitioner's latter contention but held that in not determining that the guilty pleas were voluntarily and understandingly made, the trial court failed to comply with Rule 11 as then constituted. We also held that this did not entitle petitioner to post-conviction relief as a matter of law and remanded the case for further hearing before a different district judge for a factual determination of this question.

On the basis of the additional evidence adduced at the new hearing, together with the transcripts of the original trial and the initial hearing on the motion, the district court found "that the government has sustained its burden of showing that at the time petitioner Halliday changed his plea he in fact did understand the nature of the three charges against him and that he changed his plea voluntarily with full awareness of the consequences of the change of plea." D.C., 274 F.Supp. 737, 738–739.

In this second appeal petitioner endeavors to persuade us *inter alia* that we should reconsider our prior holding and adopt the so-called *Heiden* rule [1] to the effect that the trial court's noncompliance with Rule 11 entitles petitioner to post-conviction relief as a matter of law. Counsel stresses that subjecting petitioner to an after-the-fact inquiry into his knowledge and volition at the time he pleaded guilty is "inherently and unavoidably prejudicial." In this connection we point to what we said in Halliday v. United States, supra at 272:

> "If the defendant in fact had the requisite knowledge and state of mind when he pleaded, he has not been harmed, while the government would be seriously prejudiced by having to go to trial at this late date. The defendant asserts injury by reason of the passage of time and the dimming of memory. Since the burden was on the government in this subsequent inquiry, (citations omitted) any prejudice caused by delay would seem to be in the other direction."

We, therefore, adhere to our prior holding with respect to Rule 11 as then constituted and decline to grant post-conviction relief in this case, as a matter of law.[2] Further, contrary to petitioner's allegation, we think there is ample evidence to support the district court's finding that the government sustained its burden here. Certainly we cannot say that the court's findings were plainly wrong. Nor are we persuaded by petitioner's final contention that the trial court's failure to afford petitioner the right of allocution was a sufficient aggravating circumstance to require § 2255 relief as contemplated by the caveat in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Without attempting to define aggravating circumstances within the meaning of *Hill*, we rule merely that this exception finds no application in the circumstances of this case.

Affirmed.

---

1. Heiden v. United States, 353 F.2d 53 (9th Cir. 1965).

2. Also, counsel suggests that by analogy to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) the *Heiden* rule is now constitutionally

required. Admittedly he has no authority for this proposition and we do not see the applicability of *Miranda* to the facts and circumstances of this case. Nor can petitioner escape the difficulty of retrospectivity.