**Wayne FONG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23760.**

United States Court of Appeals
Ninth Circuit.

May 13, 1969.

1182

A. Allan Franzke (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellant.

Tommy Hawk (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Richard G. Helegson, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BEEKS, District Judge.

BEEKS, District Judge:

Wayne Fong appeals from an order denying his motion to vacate his judgment and sentence. We have jurisdiction under 28 U.S.C. § 2255.

On the day he was to go to trial in May of 1958 appellant pleaded guilty to one count of a twelve-count indictment, which count charged the unlawful sale of narcotics. Before accepting the plea the trial judge carefully ascertained that Fong knew both the nature of the charge to which he wished to plead, and that as a second offender he could be sentenced to imprisonment for a minimum term of ten years and a maximum term of forty years. The trial judge inadvertently failed to inform appellant that he could also be fined up to $20,000.00, and that he would be ineligible for parole. Thereafter, appellant was sentenced to twenty years' imprisonment and fined $1,000.00. Appellant now asserts that the judgment and sentence should be vacated because he was not informed that he would be ineligible for parole and that he could be fined, and because he was not accorded the right of allocution prior to the imposition of sentence.

Under the law as it existed at the time the plea was entered appellant was entitled to know the consequences of his plea.[1] Clearly, the fine is a portion of the sentence and therefore a direct consequence of the plea. Consequently, since the Government has not sustained its burden of proving that defendant knew he could be fined as well as imprisoned, the judgment and sentence must be vacated insofar as it exacts a fine of $1,000.00.

Appellant urges retroactive application of Munich v. United States,[2] the first case to construe ineligibility for parole as a consequence of the plea. After considering the factors relevant to the issue of retroactivity[3] we decline the invitation to apply Munich retroactively.

Finally, appellant's reliance on the caveat of Hill v. United States[4] is without merit, for here there are not such "other aggravating circumstances" as might cause application of that dicta.[5]

As modified, the decision is affirmed.

1. See, e. g., Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

2. 337 F.2d 356 (9th Cir. 1964).

3. See Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966); Castro v. United States. 396 F.2d 345 (9th Cir. 1968).

4. 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

5. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Halliday v. United States, 394 F.2d 149 (1st Cir. 1968).