**Rudolph J. ANDERSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 69-278 Civ.**

United States District Court. W. D. Oklahoma.

Aug. 22, 1969.

See also 10 Cir., 405 F.2d 492.

Rudolph J. Anderson, pro se.

William R. Burkett, U. S. Atty., Western District of Okl., Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

Petitioner has presented to the Court a Motion under 28 U.S.C.A. § 2255. Petitioner seeks relief from the sentence imposed by this Court on July 25, 1965 following his plea of guilty to charges involving violations of 18 U.S.C.A. § 495 and § 1708. Petitioner, then in state custody, was borrowed from Oklahoma

for arraignment and sentencing and then returned to Oklahoma. The sentence imposed was ordered to run consecutively to any sentence of confinement imposed by Oklahoma state authorities for an unrelated offense under the laws of Oklahoma and for which Petitioner was then held in custody. The state sentence has been completed and Petitioner is now in federal custody.

■ Petitioner asserts as grounds for his Motion the allegations that the Court did not comply with Rule 11, F.R.Cr.P., 18 U.S.C.A., in that the Court did not advise him before he plead guilty when his sentence would begin to run, "and whereas the Petitioner took for granted he became a federal prisoner upon imposing of the federal sentence." Petitioner cites the recent case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) in support of his contention. The McCarthy case must be read in the light of a subsequent decision, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), which held that McCarthy did not apply to pleas accepted before Rule 11 was amended in 1966. At the time Petitioner's plea of guilty was accepted on July 14, 1965, the Rule had not been amended and McCarthy does not apply. On July 14, 1965, the Rule read, in part:

> "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." Rule 11, F.R.Cr.P., 18 U.S.C.A.

■ Petitioner does not raise any matter in contravention of Rule 11 as quoted above. The Rule does not impose on the Court any duty to inform the Petitioner before he pleads guilty of the date when his federal sentence is to begin to run. The matter of determining if a federal sentence is to run concurrent with or consecutive to a state sentence is a part of the sentencing process left to the judgment and discretion of the Judge. The Court has the power and authority to defer Petitioner's federal sentence until a state sentence for which he is liable shall have been served by him. Harris v. United States, 356 F.2d 945 (Tenth Cir. 1966).

Petitioner's Motion pursuant to 28 U.S.C.A. § 2255 is therefore denied.

It is so ordered this 22 day of August, 1969.