**Alfred Alphonso OPELA, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 27135**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 2, 1969.

Alfred Alphonso Opela, pro se, Robert H. Lord, Houston, Tex. (Court-appointed) for appellant.

Ernest Morgan, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

█ █ Alfred Alphonso Opela, a federal prisoner at the United States penitentiary in Leavenworth, Kansas, has moved, pursuant to 28 U.S.C. § 2255 (1964), for an order vacating the federal sentence imposed upon him on October 28, 1964, in consequence of his conviction of violating the Dyer Act, 18 U.S.C. § 2312 (1964). Opela does not presently quarrel with the validity of this conviction. Instead, he predicates his claim for section 2255 relief upon the argument that the sentence imposed therefor was violative of due process because the sentencing judge did not inform Opela in open court when it was

to commence running.[1] This argument is without merit. Due process does not require a federal judge imposing a sentence to recite before the defendant the plain language of 18 U.S.C. § 3568 (1964). Section 3568 provides: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. * * *" Accordingly, we affirm the District Court's judgment denying Opela's motion that his sentence be vacated. We note, however, the real foundation of this misdirected attempt by Opela to obtain relief which properly could be the basis of action by the Board of Parole.

■ Opela's real complaint, it would seem, is that he is serving federal and state sentences consecutively, rather than concurrently as the state sentencing judge intended. His plight developed as follows. When the federal sentence at issue in this case was imposed upon Opela, he was in federal custody on a writ of habeas corpus ad prosequendum from the State of Texas, which had been detaining him on a state indictment. After the federal trial, which left Opela facing five years' imprisonment in the custody of the Attorney General, Opela was returned to the custody of the State for trial on the state charges. By virtue of section 3568, his federal sentence had not commenced to run. In early 1965, Opela, still in state custody, pled guilty to the state offenses and was sentenced to six years in the Texas state penitentiary. Although the sentencing state judge intended that this sentence should run concurrently with all other sentences then imposed upon Opela, Opela's federal sentence did not commence to run until October, 1967, when, having satisfied the state sentence, Opela was transferred back into federal custody to serve it. We may sympathize with Opela if

he relied upon the State of Texas to carry out the state judge's intention. Obviously, however, the validity of his federal sentence was in no way legally affected because the State chose to incarcerate him before the federal sentence had commenced to run.

Affirmed.

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties thereof in writing. 5 Cir.R. 18; see Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.