**Albert Arroyo PALOMINO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22882.**

United States Court of Appeals
Ninth Circuit.

Dec. 23, 1969.

Albert A. Palomino, in pro. per.

Howard B. Frank, Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Albert A. Palomino appeals from a district court order, entered without hearing, denying his application under 28 U.S.C. § 2255 (1964), to set aside a judgment of conviction and fifteen-year sentence entered on June 13, 1961. The conviction followed Palomino's plea of guilty to a charge of conspiracy to receive, conceal, sell and facilitate the transportation, concealment and sale of narcotic drugs, in violation of 21 U.S.C. § 174 (1958). The denial of a previous section 2255 application, challenging the suffi-

ciency of the indictment, was affirmed in Palomino v. United States, 9 Cir., 318 F.2d 613.

In his pending section 2255 application, Palomino alleged that the application should not have been denied without granting him an evidentiary hearing as to whether his plea of guilty was made voluntarily with understanding of the nature of the charge because: (1) in accepting his plea of guilty on May 15, 1961, the district court failed to follow the procedures then prescribed in Rule 11, Federal Rules of Criminal Procedure; and (2) the factual allegations, made in support of his contention that he did not plead guilty voluntarily with understanding of the nature of the charge, entitled him to such a hearing.

In support of this second point, Palomino further alleged, in effect, that he did not understand the nature of the charge because, at the time the plea was accepted he had not been advised that he would not be eligible for probation or parole and, had he been aware that probation and parole would not be available, he would not have pleaded guilty.

Palomino thus sought to invoke the due process principle that a plea of guilty may not be accepted unless the defendant understands the consequences of pleading guilty to the charge.[1]

He also sought to invoke Rule 11, Federal Rules of Criminal Procedure in support of his contention that his factual allegations entitled him to an evidentiary hearing.

At the time of Palomino's plea Rule 11 did not expressly require that a plea of guilty shall not be accepted absent a determination that it was made with understanding of "the consequences of the plea." In its original form, Rule 11 expressly required only that a plea of guilty shall not be accepted without first de-

---

1. Von Moltke v. Gillie, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309; Smith v. O'Grady, 312 U.S. 329, 333–334, 61 S.Ct. 572, 85 L.Ed. 859; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; Munich v. United States, 9 Cir., 337 F.2d 356, 359; Bailey v. MacDougall, 4 Cir., 392 F.2d 155, 161; Kadwell v. United States, 9 Cir., 315 F.2d 667, 669.

termining "that the plea is made voluntarily and with understanding of the nature of the charge." The words "the consequences of the plea" were not added until Rule 11 was amended, effective July 1, 1966. But, as the Notes of the Advisory Committee on Rules indicate, even before that amendment, the law clearly required the judge to determine, before accepting a plea of guilty, that the defendant understood the consequences of the plea. 18 U.S.C.A., page 558.

It is undisputed that probation is not available to one who is convicted of a violation of 21 U.S.C. § 174. Nor may a sentence imposed for such a violation be suspended or parole granted. See 26 U.S.C. § 7237(d). Under Munich v. United States, 9 Cir., 337 F.2d 356 (1964), one who is not aware of this when he pleads guilty does not plead with understanding of the consequences of such plea. As this court said in *Munich*:

"In our opinion one who, at the time of entering a plea of guilty, is not aware of the fact that he will not be eligible for probation or parole, does not plead with understanding of the consequences of such a plea." 337 F.2d at 361.

But *Munich* was decided on October 9, 1964, and, under Fong v. United States, 9 Cir., 411 F.2d 1181 (1969), the *Munich* holding is not to be applied retroactively. The guilty plea in the case now before us was entered on May 15, 1961.

We accordingly hold that the allegation in the habeas application that at the time Palomino pleaded guilty he did not understand that he was not eligible for probation, suspension of sentence, or parole, did not entitle him to an evidentiary hearing or other relief in this habeas proceeding. This determination also requires rejection of the argument that the district court which accepted the plea of guilty did not follow Rule 11 procedure as then prescribed. The only complaint Palomino makes of the procedure actually followed is that it failed to apprise him of his ineligibility for probation, suspension of sentence or parole.

Affirmed.