James Raymond ALAWAY, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 70–1167.

United States District Court, C. D. California.

June 25, 1971.

---

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Crim. Div., Robert P. Scheinblum, Asst. U. S. Atty., for respondent.

James Raymond Alaway, in pro. per.

HAUK, District Judge.

Petitioner, a prisoner at the United States Penitentiary at McNeil Island, presents here a Motion to Vacate his

judgment of conviction for violation of 21 U.S.C. § 176a (sale of marijuana, knowing it to have been imported or brought into the United States contrary to law). He appears in propria persona.

Allowed to proceed *in forma pauperis,* Alaway bases his attack on the claim that the Statute which he is alleged to have violated is unconstitutional, and that he would not have pleaded guilty had he known of this unconstitutionality. A Supplemental Motion also alleges that his guilty plea was not voluntary since it was not made with the knowledge that the sentence would not begin running at the time it was pronounced, but only when he was delivered into the custody of the Attorney General.

On January 11, 1967, Alaway was charged in a seven count indictment with concealment, transportation and sale of marijuana in violation of 21 U.S.C. § 176a, and with illegal transfers of marijuana in violation of 26 U.S.C. § 4742(a). His original not guilty plea was withdrawn, and he entered a plea of guilty to Count 2, violation of § 176a, as indicated above. He was also found guilty of a previous narcotics violation and sentenced to prison for 20 years, to be eligible for parole after serving one-third of the term. The Judgment was entered May 1, 1967, Case No. 180–CD, United States District Court, Central District of California.

A complete statement of the facts and proceedings shown in the original case is set forth in the Order denying a previous § 2255 Motion and need not be repeated here. That Order denied the Motion in which 12 different grounds were raised in attempting to set aside the Judgment. It is reported in Alaway v. United States, 280 F.Supp. 326 (C.D. Cal.1968), and was affirmed by the United States Court of Appeals, Ninth Circuit, June 9, 1969. Petition for Rehearing was denied on October 29, 1969, and the United States Supreme Court denied certiorari March 6, 1970. 397 U.S. 1028, 90 S.Ct. 1277, 25 L.Ed.2d 540.

In the instant Motion, Alaway contends that subsequent to his conviction and to the previous § 2255 Motion, Section 176a of Title 21 United States Code was declared unconstitutional on May 19, 1969, in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, which is retroactive. United States v. Scott, 425 F.2d 55 (9 Cir. 1970). He states that he would not have pleaded guilty if he had had any way of proving to the satisfaction of a jury that his possession prior to sale was not "in consequence of illegal importation" (Motion p. 2), but that he could not overcome the statutory presumption. Therefore, he argues, his guilty plea was caused by the invalid presumption in violation of due process and thus was not voluntary.

At the outset, Alaway errs in declaring that § 176a has been completely invalidated. The Statute originally authorized two inferences to be drawn from the fact of possession of marijuana: (1) that the marijuana was imported or brought into the United States illegally, and (2) that the defendant knew of the illegal importation or bringing in. Because the Fifth Amendment would be a complete defense to the charge, the presumption of knowledge was held to be unconstitutional, the Court specifically holding that it did not reach the question of the validity of the "illegal importation" inference. Leary v. United States, supra, 395 U.S. at 37, 89 S.Ct. 1532.

The Statute, § 176a, forbidding certain actions in connection with marijuana, has been held to be constitutional. United States v. Avey, 428 F.2d 1159 (9th Cir. 1970). And without the use of the presumption invalidated by *Leary,* the Statute does not violate the privilege against self-incrimination. United States v. Cordova, 421 F.2d 471 (9th Cir. 1970). Nor did *Leary* invalidate sections of Title 26, United States Code, relating to transfers of marijuana, similar to other counts in the indictment against Alaway. Shaffer v. United States, 435 F.2d 168 (9th Cir. 1970).

■■ It is particularly important to note that Alaway was convicted on his plea of guilty and was not, therefore, subjected to the peril of the *Leary* case where the jury might have relied on the invalid presumption of knowledge from mere possession. A plea of guilty is an admission of all the elements of the crime, and the conviction is based upon that plea alone. Knowles v. Gladden, 378 F.2d 761 (9th Cir. 1967). All non-jurisdictional defects are waived. Witt v. United States, 413 F.2d 303 (9th Cir. 1969), cert. denied, 396 U.S. 932, 90 S. Ct. 272, 24 L.Ed.2d 230; Corwin v. United States, 423 F.2d 33 (9th Cir. 1970).

■■ Moreover, a guilty plea is an affirmative waiver of the Fifth Amendment. United States v. Weber, 429 F.2d 148 (9th Cir. 1970). It has been held in another Circuit that a guilty plea is not rendered invalid because of the unconstitutionality of the presumption in § 176a as decided by *Leary*, since the presumption was not used against the defendant in accepting the plea of guilty. Hillaire v. United States, 438 F.2d 128 (5th Cir. 1971). We agree with this holding.

■ The very nature of the guilty plea and the waivers thus established prevent a collateral attack under 28 U. S.C. § 2255. Boykin v. Alabama, 395 U. S. 238, 242–244, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Therefore, we need only determine here whether the guilty plea was in fact voluntarily and knowingly made, and not entered solely in reliance on the unconstitutional statutory presumption as Alaway claims.

The proceedings at the time of entering the guilty plea, and part of the pre-sentence report are set forth in Alaway v. United States, *supra*, 280 F.Supp. at 329–331. It is clear that Alaway personally freely acknowledged his guilt. The recent trilogy concerning guilty pleas of counselled defendants, as Alaway was, shows that such a contention as raised here is not a ground for setting aside the conviction. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ The fact that an unconstitutional statute may have caused the plea (the "but for" test) does not necessarily mean that the plea was coerced and invalid as involuntary, nor was the plea rendered invalid because of the certainty or probability of a lesser sentence. Brady v. United States, *supra*, at 751, 90 S.Ct. 1463. The fact that a Statute is later held to be unconstitutional does not of itself render it necessary to set aside the guilty plea. Brady v. United States, *supra*, at 756, 90 S.Ct. 1463. Nor does the Constitution require that a defendant be permitted to disavow a solemn admission made in open court that an act has been committed, simply because it is later shown that the State would have had a weaker case. Brady v. United States, *supra*, at 757, 90 S.Ct. 1463. Finally, absent misrepresentation or other impermissible conduct by State agencies, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. Brady v. United States, *supra*, at 757, 90 S.Ct. 1463. All of these principles apply to the instant Motion and negate the contention of an involuntary guilty plea.

■ It is clear that Alaway was motivated to plead guilty by a desire to limit the possible penalty, since six additional counts against him were dismissed on motion of the Prosecution when he was sentenced May 1, 1967. This motivation is sufficient proof of the voluntariness of the plea, in spite of the later invalidity of the Statute. Parker v. North Carolina, *supra*, 397 U.S. 796–797, 90 S.Ct. 1458. Obviously Alaway knew that he was threatened with

many years of prison because of the multiple counts (Motion p. 2), but the fact that a plea was the result of plea bargaining does not invalidate it nor make it involuntary. Benn v. Eyman, 436 F.2d 1074 (9th Cir. 1971); Jones v. United States, 423 F.2d 252 (9th Cir. 1970).

A change in the law does not necessitate setting aside a voluntary plea of guilty. As said in McMann v. Richardson, *supra*, 397 U.S. at 774, 90 S.Ct. at 1450:

"It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; * * * Although he might have pleaded differently had later cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."

No showing or claim of counsel's derelictions are present here.

In the Traverse, Alaway claims that the issues raised in his previous § 2255 Motion may now be reconsidered, since reference was made to them in the Response. We are not required to do so under 28 U.S.C. § 2255 which specifically says: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." And certainly there is no such compulsion under 28 U.S.C. § 2244 relied upon by Alaway, since that refers only to Petitions for Writ of Habeas Corpus.

Nevertheless, we have carefully considered the claims advanced, and are satisfied that the ends of justice would not be served by reconsideration of the prior § 2255 Motion. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Alaway here advances substantially the same grounds previously alleged, but attempts to support them by different legal arguments. This, in itself, has been considered an abuse of the remedy. Sanders v. United States, *supra*, at 17, 18, 83 S.Ct. 1068 (See Traverse, pp. 3, 4).

For example, Alaway says that he did not realize the consequences of his plea because he thought he must receive a mandatory sentence without benefit of parole. By this reasoning, he would have us believe that he would not have entered a guilty plea had he known that his sentence could have been *less* than he expected. This is patently ridiculous. As previously noted, at sentencing in Case 180–CD, the Court ordered that he be eligible for parole after serving one-third of the sentence, in spite of his now asserted belief that he thought he would be ineligible for parole.

As further evidence of his contention that his plea was involuntary because he did not understand the nature of the charge, Alaway "avers" that the count to which he pleaded guilty charged facilitating and concealment, but that the Court said he pleaded guilty to a charge of sale of marijuana as alleged in Count 2 (Traverse p. 4). This contention is belied, not only by the record, but also by Alaway's original statement that the essence of Count 2 to which he pleaded guilty, was the sale of marijuana with knowledge of illegal importation (Motion p. 2). Clearly these allegations are frivolous and warrant no further discussion. It should also be noted that we would decline to entertain them because Alaway offers no explanation or justification for not raising these points in his prior application for § 2255 relief. Williams v. United States, 197 F.Supp. 198 (D.C.Or.1961).

Finally, the Traverse claims that since Respondent failed to reply specifically to the allegations of the Supplemental Motion, a hearing is necessary. This Supplemental Motion advances the ingenious argument that the guilty plea was not voluntary because Alaway erro-

neously believed that sentence would begin to run from the date it was imposed, and that the Court failed in its obligation under Rule 11 by not informing him of the provisions of 18 U.S.C. § 3568 (When sentence begins to run).

Prior to the proceedings in Case 180–CD, Alaway had been in the custody of the State of California awaiting trial. After imposition of sentence in the Federal case, he was returned to the State where he was convicted on a plea of guilty and sentenced to the term prescribed by law by the Superior Court of the County of Los Angeles, State of California, said sentence to run concurrently with this Federal sentence. He was not taken back into Federal custody until July 31, 1967, and contends that this is proof of his lack of understanding since he thought his Federal sentence would run from the date of sentencing, May 1st, some 91 days earlier.

The mere statement that the addition of 91 days to a 20-year sentence would have prevented a guilty plea is a patent absurdity. Due process does not require a sentencing Judge to tell defendant that his sentence begins to run when he is received in the custody of the Attorney General under 18 U.S.C. § 3568. Opela v. United States, 415 F.2d 231 (5th Cir. 1969). More importantly, even had there been a failure to comply with Rule 11 (which there was not), this requirement extends only to guilty pleas entered after April 2, 1969. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

Petitioner's Motion and the files and records conclusively show that Petitioner is entitled to no relief, and particularly to no hearing. 28 U.S.C. § 2255. Earley v. United States, 381 F.2d 715, 716 (9th Cir. 1967).

It is therefore hereby ordered that the Motion Pursuant to 28 U.S.C. § 2255 be, and the same is hereby denied.