Orville E. MATHIS, Appellant,

v.

Carl HOCKER, Warden, Appellee.

No. 26557.

United States Court of Appeals,
Ninth Circuit.

April 26, 1972.

Orville E. Mathis, pro se.

Harvey Dickerson, Atty. Gen. of Nevada, Carson City, Nev., for appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and CARR, District Judge.

CARR, District Judge:

This is an appeal from an order of the District Court for the District of Nevada denying appellant's petition for a writ of habeas corpus.

Appellant pleaded guilty to a charge of robbery and was sentenced to a term of not less than five years nor more than ten years.

Appellant now claims that he was not advised of the consequences of his plea at the time he entered his plea before the state court. Specifically, he asserts that after several months of confinement, he was advised that under Nevada law (NRS 213.110) he was not eligible for parole because of three prior convictions. He now claims that the sentencing judge should have advised him that he would not be subject to parole.

On May 5, 1967, appellant entered a guilty plea with his counsel present. He waived further time before sentence and was thereupon sentenced.

Nothing in the record in this case discloses that the sentencing judge had any information of any kind which would lead him to believe that appellant had a prior record. Neither appellant nor his attorney made known the fact that appellant had three prior felony convictions. One would surmise from experience that appellant and his counsel were obviously desirous of not letting the court know of appellant's three prior felonies. It is difficult to believe that the failure of appellant or his counsel to make known the three prior convictions was not the result of strategy.

A realistic approach does not warrant a conclusion that the eligibility of parole was actually a consequence of his plea, rather it was a consequence of his prior record and the law of Nevada withholding legislative grace. *See* Sanchez v. United States, 417 F.2d 494 (5th Cir. 1969). It is indeed unrealistic to require a judge to advise a defendant of his eligibility for parole when the defendant concealed from the judge the fact that he had three prior felonies.

Apparently it is generally thought that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), applied Rule 11 of the Federal Rules of Criminal Procedure to the States. This is indicated in the dissenting opinion of Justice Harlan who stated that: "* * * The Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure. * * *" 395 U.S. 238 at 245, 89 S.Ct. 1709 at 1713, 23 L.Ed.2d 274 at 280. At any rate, *Boykin* presents no problem here since this plea was prior to the adjudication in *Boykin* and present indications are that that case is not retroactive. If any of the prior convictions is invalid, appellant has an appropriate remedy. Nowhere in his petition does he allege that any of those convictions is invalid.

If Rule 11 were applied with a literal reading, a valid guilty plea would be almost impossible. Accepting a voluntary guilty plea has already become a tremendous and perilous task. "The consequences of the plea" are so many that it would be impossible for a judge to enumerate them. For example, should a sentencing judge be required to tell a defendant of his possible loss of his right to vote; if he were an alien, of his possible deportation; a possible loss of his right to a passport; if he were a serviceman, the possibility of a dishonorable discharge; and so on *ad infinitum*.

Affirmed.