James Raymond **ALAWAY**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. No. 70–1167.

United States District Court,
C. D. California.

June 20, 1972.

James Raymond Alaway, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, Robert P. Scheinblum, Asst. U. S. Atty., for respondent.

## ORDER DENYING PETITION FOR RECONSIDERATION

HAUK, District Judge.

Before the Court is a Petition for Reconsideration of the Court's Order of June 25, 1971, Denying Petitioner's Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255.[1]  A com-

---

1. § 2255.  Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the

plete statement of the facts and proceedings of Petitioner's original case is set forth in an Order dated February 21, 1968, denying Petitioner's original motion to vacate sentence pursuant to 28 U.S.C. § 2255 and need not be repeated here. It is reported as Alaway v. United States, 280 F.Supp. 326 (C.D.Cal. 1968).[2] Subsequent to the denial of this motion, Petitioner filed another § 2255 Motion which was also denied, the order entered June 25, 1971, and reported as Alaway v. United States, 329 F.Supp. 78 (C.D.Cal.1971). It is from this order that Petitioner now seeks reconsideration.

In his second § 2255 Motion, the Petitioner argued, among other even less meritorious claims, that his 1967 plea of guilty was not voluntarily made because at the time the plea was accepted he had vised that under 18 U.S.C. § 3568,[3] any sentence that the Federal Court might impose upon him would not begin to run until he was received in Federal custody. Prior to the proceedings in the 1967 Federal criminal case, Alaway had been in the custody of the State of California awaiting trial. After imposition of sentence in the Federal court he was returned to the Superior Court of the County of Los Angeles, State of California, where he was convicted on a plea of guilty and sentenced to the term prescribed by law, said sentence to run concurrently with his Federal sentence. He was taken back into Federal custody on July 31, 1967, at which time the Federal sentence (entered on May 1, 1967) began to run, ninety-one days after it was imposed.

Alaway moved under 28 U.S.C. § 2255 to vacate his guilty plea on the ground that it was not offered with complete knowledge of the consequences thereof since he did not know that his Federal sentence could not commence until he was received in Federal custody. At the time of Alaway's plea, Rule 11 of the Federal Rules of Criminal Procedure[4] had been amended to require that a plea of guilty shall not be accepted by

---

judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255 (1948)

2. Petitioner moved for reconsideration of this Order which was denied by Minute Order on August 9, 1968. Petitioner appealed and on June 4, 1969, this Court was affirmed by the United States Court of Appeals, Ninth Circuit. Petition for Rehearing was denied by the Ninth Circuit on October 29, 1969 and the United States Supreme Court denied certiorari April 6, 1970. 397 U.S. 1028, 90 S.Ct. 1277, 25 L.Ed.2d 540 (1970)

3. "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence . . . ."
18 U.S.C. § 3568 (1948)

4. Rule 11. Pleas

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
Fed.R.Crim.P. 11

the Court absent a determination that it was made with understanding of "the consequences of the plea."

The Court dismissed Alaway's argument on various grounds including the authority of Opela v. United States, 415 F.2d 231 (5th Cir. 1969) which specifically held that due process does not require a sentencing judge to inform defendant of the possible consequences of 18 U.S.C. § 3568. It also taxed the credulity of the Court that the knowledge of a possible addition of 91 days to a mandatory 10 to 40 year sentence[5] would have caused Petitioner to refrain from entering a guilty plea. It was clear then, as it is now, that Alaway freely acknowledged his guilt and was motivated to plead guilty by a desire to limit the possible penalty. It is noteworthy that the six additional counts with which Alaway was charged were dismissed on motion of the Prosecution when he was sentenced. Alaway v. United States, supra, 329 F.Supp. at 81. It is still this Court's firm conclusion that even if we had informed Alaway of 18 U.S.C. § 3568 (which, of course, was unnecessary at that time), he would have nevertheless pled guilty due to the distinct possibility of a greatly protracted sentence if he had been found guilty on more than one count.[6]

Subsequent to our decision in Alaway, the 9th Circuit decided the case of United States v. Myers, 451 F.2d 402 (9th Cir. 1971) which, in construing a factual situation which is admittedly very similar to that of Alaway, holds that the operation of 18 U.S.C. § 3568 is one of the "consequences of the plea" about which Rule 11 requires a Defendant to be advised. Accordingly, since January 7, 1972, (the date of the Myers decision) before accepting a guilty plea we have advised all Defendants who might be in state custody that any federal sentence they might receive would not commence until they were received at the federal penitentiary for service of such sentence. United States v. Myers, supra, 451 F.2d at 402.

However, within two months of the Myers decision, Alaway filed a petition for reconsideration of our order denying his section 2255 motion, urging retroactive application of Myers, the first Circuit case to construe the operation of 18 U.S.C. § 3568 as a "consequence of the plea." Since Myers was decided more than six months after our decision in Alaway, the sole issue to be determined by this Petition for Reconsideration is whether the principle of Myers should be applied retroactively.

No authority having been found specifically addressing this problem, we must look for guidance to the principles that have influenced other Courts in their determination of whether the holding of a particular case should be applied prospectively or retroactively.

Following the Supreme Court's holding in Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1964) that "the Constitution neither prohibits nor requires retrospective effect" for decisions expounding new rules affecting criminal trials, the

---

5. At the time of his sentencing Defendant admitted a prior conviction for importation of heroin and thus under 21 U.S.C. § 176a

"For a second or subsequent offense . . . the offender shall be sentenced for not less than ten or more than forty years and in addition may be fined not more than $20,000."

6. Defendant was charged in five Counts with the concealment, transportation and sale of marihuana in violation of 21 U.S.C. § 176a which carried a sentence of 10 to 40 years and a $20,000 fine (see Note 5 supra) and in two Counts with the illegal transfer of marihuana in violation of 26 U.S.C. § 4742(a) under which as a second offender, Defendant was also eligible for a 10 to 40 year sentence and a $20,000 fine. 26 U.S.C. § 7237. It should also be noted that for both of these offenses the Court could neither suspend sentence nor grant probation. 26 U.S.C. § 7237(d). Therefore, theoretically if Defendant had gone to trial on all seven counts and had been found guilty on all counts he would have been susceptible to a mandatory sentence of 70 years and a possible sentence of 280 years and/or $140,000 fine.

Courts have consistently looked to three considerations in determining whether a case will be applied retroactively or prospectively. "The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standard." Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).[7] Of course, overriding all of the specific criteria which govern the Court in this determination is the general rule that "the Court may in the interest of justice make the rule prospective . . . where the exigencies of the situation require such an application." Linkletter v. Walker, *supra*, 381 U.S. at 628, 85 S.Ct. at 1737.

■ Although the holding in *Myers* was based solely upon the application of Rule 11 and not upon constitutional grounds, it is appropriate to analyze the question of a decision's retroactivity, although based on non-constitutional grounds, in terms of the criteria that have been employed to determine whether constitutionally grounded decisions should be applied retroactively. However, as was pointed out in Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968) it is of utmost importance in the determination of retroactivity of Rule 11 cases to weigh the newly condemned practice against the prior justified reliance upon the old standard and the impact of retroactivity upon the administration of justice.

■ Prior to *Myers*, no Court had specifically held that the operation of

section 3568 was a "consequence of the plea" about which Rule 11 required a Defendant to be advised, and based on numerous holdings seemingly to the contrary,[8] the Courts had consistently refrained from adding another comment to the already interminable inquiry which must precede the acceptance of a guilty plea. As had been lucidly demonstrated by our esteemed brother of this Court, the Honorable Charles H. Carr, sitting by designation on the United States Court of Appeals for the Ninth Circuit:

"If Rule 11 were applied with a literal reading, a valid guilty plea would be almost impossible. Accepting a voluntary guilty plea has already become a tremendous and perilous task. 'The consequences of the plea' are so many that it would be impossible for a judge to enumerate them." Mathis v. Hocker, 459 F.2d 988 (9th Cir. 1972)

And Judge Carr's pragmatic and practical position has already been cited with approval by another panel of the United States Court of Appeals for the Ninth Circuit wherein the Court unequivocally concluded that they *"will not expand Rule 11, Fed.Rules of Crim.Proc., to require a court to advise a defendant of consequences not presently required by the law of this circuit."* Johnson v. United States, 460 F.2d 1203 (9th Cir. 1972) [emphasis added].

Consequently, to this Court's knowledge, there has been a unanimous non-observance by the Federal Trial Courts of this heretofore unknown and unstated requirement of Rule 11 now necessitated by the *Myers* decision. When this fact is considered together with the fact that the vast majority of criminal cases in the Federal Courts are terminated as a re-

---

7. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Castro v. United States, 396 F.2d 345 (9th Cir. 1968).

8. *See*: United States v. Nichols, 142 U.S. App.D.C. 194, 440 F.2d 222 (1971); Opela v. United States, 415 F.2d 231 (5th Cir. 1969); Anderson v. United States, 302 F.Supp. 387 (W.D.Okl.1969).

Although Hinds v. United States, 429 F.2d 1322 (9th Cir. 1970) which held that Rule 11 does not require a Defendant to be informed of the possibility of consecutive sentences on multiple counts of an indictment since this is not a "consequence of the plea" has been mystically distinguished by the Court in *Myers*, it surely can be argued that its holding lent credence, by analogy, to *Nichols*, *Opela* and *Anderson*, *supra*.

sult of pleas of guilty,[9] we can only conclude that to apply the rule of *Myers* retroactively would wreak havoc upon the administration of justice in the District Courts.

Reaffirming our decision here are the many cases which have held that new interpretations of Rule 11 should only be applied prospectively because of the burden upon the administration of justice that would prevail if the new ruling were given retroactive effect.[10]   Of special note is the case of Fong v. United States, 411 F.2d 1181, 1182 (9th Cir. 1969) cert. denied 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed.2d 434 (1969), which held that the decision of Munich v. United States [11] would not be applied retroactively.[12] Since *Myers* found the position of the Defendant therein to be analogous to the position of the Defendant in *Munich*,[13] the decision to apply *Munich* prospectively is necessarily of considerable significance to our holding here.

Therefore, in view of the general application of Rule 11 in a manner inconsistent with the holding in *Myers*, and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with the recently expanded requirements of Rule 11, we hold that *Myers* will only be applied prospectively.   See Halliday v. United States, *supra*, 394 U.S. at 833, 89 S.Ct. 1498, 23 L.Ed.2d 16.

It is hereby ordered that the Petition for Reconsideration of the Order Denying Motion to Vacate and Set Aside Sentence entered on June 25, 1971, be and hereby is denied.

---

9.  During the fiscal year ending June 30, 1970, approximately 82% (24,111 out of 28,178) of all convictions obtained in the United States District Courts were pursuant to a plea of guilty or its substantial equivalent, a plea of *nolo contendere*. 1970 Director of the Administrative Office of the United States Courts Annual Report, Supplementary Statistical Table D4.

10.  *See*, e. g., Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) ;  U. S. ex rel. Sadler v. Commonwealth of Pennsylvania, 434 F.2d 997 (3rd Cir. 1970) ; Jarrett v. United States, 423 F.2d 966 (8th Cir. 1970) ; Castro v. United States, 396 F.2d 345 (9th Cir. 1968).

11.  Munich v. United States, 337 F.2d 356 (9th Cir. 1964) held that a Defendant's ineligibility for probation or parole is a "consequence of the plea" about which the Defendant must be informed before a guilty plea may be accepted under Rule 11.

12.  *Accord* Palomino v. United States, 420 F.2d 965 (9th Cir. 1969).

13.  "His (Myers) position is thus similar to that of a defendant who is statutorily ineligible for probation or parole, a fact of which the defendant must be informed before a guilty plea may be validly taken. (Munich v. United States (9th Cir. 1964)  .  .  . " United States v. Myers, 451 F.2d 402 (9th Cir. 1972).