United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20632
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TALMADGE JENNINGS WHEAT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-310-ALL
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Talmadge Jennings Wheat appeals his guilty-plea conviction of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  After Wheat was sentenced in this case, he was sentenced in a state court on state charges. The district court did not impose Wheat's federal sentence to run concurrently with his subsequent state sentence.  Wheat argues that his guilty plea was not knowing and voluntary because it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

induced by his counsel's belief that his state and federal sentences would run concurrently.

Wheat has failed to show that the district court, the federal prosecutor, or his federal court trial counsel induced him to plead guilty by representing to him that his federal sentence would run concurrently with any state sentence he might later receive. The validity and timing of Wheat's federal sentence are not affected by the failure of his state counsel, the state prosecutor, or the state court to impose or execute his state sentence properly. See Opela v. United States, 415 F.2d 231, 232 (5th Cir. 1969). Thus, Wheat has not shown that his plea was not knowing and voluntary, and the district court did not plainly err in failing to impose his federal sentence concurrently with his anticipated state sentence. See United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003).

AFFIRMED.