**Mack BARNES, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 22223.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1965.

Certiorari Denied Feb. 21, 1966.

See 86 S.Ct. 918.

Mack Barnes, pro se.

Robert W. Norris, Lonnie F. Zwiener, Asst. Attys. Gen., Austin, Tex., Waggoner Carr, Atty. Gen. of Tex., Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and MORGAN, District Judge.

PER CURIAM.

This is an appeal from a denial of habeas corpus in the district court.

The appellant, under state court sentence for armed robbery, complains that he was arrested without warrant or probable cause, that the fruits of this arrest were used against him at his trial, that his arraignment was improper, and that there was illegal delay in taking him before a committing magistrate.

The District Judge had before him the trial record, including the statement of facts, the indictment, the charge to the jury, the judgment of conviction, the sentence, the motion for a new trial, and the judgment of affirmance. His careful consideration of the matter resulted in an elaborate memorandum, five typewritten pages in length, in which the law and the facts are most carefully and correctly analyzed, pursuant to which the appellant was found to be entitled to no relief.

Our review of the case leads to complete agreement with the findings and judgment below, 247 F.Supp. 435, and an extended opinion here could not add anything of value to what has already been said.

Affirmed.

**Arthur GETER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19927.

United States Court of Appeals Ninth Circuit.

Nov. 16, 1965.

Arthur Geter, in pro. per.

James P. Alger, U. S. Atty., Agana, Guam, for appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

On the authority of Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) [decided by this Court November 2, 1965], judgment is reversed and the matter is remanded with directions to vacate the judgment of conviction, the sentence and the plea of guilty upon which the conviction is based, and to afford appellant a new opportunity to plead to the indictment.