Richard CASTRO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21694.

United States Court of Appeals Ninth Circuit.

May 28, 1968.

F. Conger Fawcett (argued), of Graham & James, San Francisco, Cal., Richard Castro, in pro. per. for appellant.

David R. Urdan (argued), Asst. U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, BARNES, HAMLEY, JERTBERG, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY and CARTER, Circuit Judges.

HAMLEY, Circuit Judge:

Richard Castro appeals from a district court order denying his application, made under 28 U.S.C. § 2255 (1964), to set aside an eight-year sentence imposed upon him. The sentence was imposed following his conviction on a plea of guilty to the first count of a four-count indictment, this count charging a violation of the Narcotic Drugs Import and Export Act, 35 Stat. 614 (1909), as amended, 21 U.S.C. § 174 (1964).[1]

In his section 2255 application, Castro asserted that his plea of guilty was not voluntary and was not tendered and accepted in conformity with the provisions of Rule 11, Federal Rules of Criminal Procedure. In particular, Castro alleged that: (1) the court failed to inform him, in the manner prescribed in Heiden v. United States, 9 Cir., 353 F.2d 53, of the allowable range of punishment which

---

1. The three remaining counts of the same indictment, charging other violations of the narcotics laws, were thereupon dismissed.

could be imposed upon him,[2] and (2) he tendered his plea of guilty under the erroneous belief that he could not be imprisoned for more than five or six years under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1964).[3]

The district court denied the application without hearing. Castro then moved for reconsideration of the application, renewing the allegations referred to above, and attaching the affidavit of his retained counsel at the times the plea was accepted and the sentence imposed. In this affidavit the attorney stated he had erroneously advised Castro that: (1) he would be sentenced for no more than six years, and (2) contingent upon his satisfactory adjustment he would be eligible for parole consideration. The district court, after examining the records of the proceedings in which the plea was received and the sentence imposed, denied, without hearing, the motion for reconsideration.

Rule 11, as it stood at the time Castro was convicted and sentenced on March 6, 1964, provided that the court "shall not accept" a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge."[4] Prior to March 6, 1964, this court had held that in order to determine that the plea was made "with understanding of the nature of the charge," the court must take steps to satisfy itself that the defendant understood: (1) the meaning of the charge, (2) what acts amount to being guilty of the charge, and (3) the consequences of pleading guilty thereto. Kadwell v. United States, 9 Cir., 315 F.2d 667, 669, decided on April 4, 1963.[5]

When Castro appeared before the district court on March 6, 1964, to change his plea from not guilty to guilty, the only step the court took to satisfy itself that the defendant understood the consequences of pleading guilty was to obtain an affirmative answer to the question, directed to Castro's counsel, as to whether counsel had fully explained to his client all the consequences of pleading guilty.

This may have been sufficient, insofar as procedural compliance with Rule 11 is concerned, as the law of this circuit stood on March 6, 1964. As a matter of fact, in Munich v. United States, 9 Cir., 337 F.2d 356, 360, decided after that date, we implied that a court receiving a plea might be warranted in relying upon the assurance, given by the defendant's counsel, that he had explained to his client the consequences of a guilty plea.

2. The allowable range of punishment for a first offender of section 174 is imprisonment not less than five or more than twenty years and, in addition, a fine of not more than $20,000. Under 26 U.S.C. § 7237(d) (1964), the imposition or execution of the sentence imposed shall not be suspended, probation shall not be granted, and parole is not available. See Munich v. United States, 9 Cir., 337 F.2d 356, 361.

3. As for the application of the Federal Youth Corrections Act in the case of a youth offender or a young adult offender convicted of a violation of section 174, see United States v. Lane, 9 Cir., 284 F.2d 935; United States v. Gibbs, 9 Cir., 285 F.2d 225.

4. On July 1, 1966, Rule 11 was amended to provide, among other things, that the court shall not accept a guilty plea "without first addressing the defendant personally * * *." to determine that the plea is made voluntarily and intelli-

gently. As the Notes of Advisory Committee on Rules, following Rule 11, point out, the amendment resolves a previous controversy in favor of the view that personal interrogation of the defendant is the better practice even when he is represented by counsel. Under our pre-amendment decisions we have also followed this view. Munich v. United States, 9 Cir., 337 F.2d 356, 359; Kadwell v. United States, 9 Cir., 315 F.2d 667, 669, n. 3.

5. This holding is still adhered to by this court. See Munich v. United States, 9 Cir., 337 F.2d 356, 359; Heiden v. United States, 9 Cir., 353 F.2d 53, 55. Likewise, the requirement that a plea of guilty not be accepted unless made with full understanding of the consequences was in effect long before Rule 11 became effective on March 21, 1946. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 244, 71 L.Ed. 839, decided on May 2, 1927.

■ But procedural compliance with Rule 11 does not foreclose a hearing in a subsequent section 2255 proceeding where facts are alleged which, if true, establish lack of understanding of the consequences of a plea of guilty, and where such allegations cannot be conclusively resolved by reference to that record. The record of the arraignment is then "evidential on the issue of voluntariness * * * not conclusive." See Jones v. United States, 9 Cir., 384 F.2d 916, 917.

Here it is alleged that Castro's counsel erroneously advised him as to the consequences of a plea of guilty. Counsel's assurance to the court, at the time the plea was accepted, that he had fully explained to his client all the consequences of pleading guilty, does not touch upon the question of whether counsel misadvised his client, much less "conclusively resolve" that issue.

In denying, without hearing, Castro's motion for reconsideration, the district court stated that counsel's affidavit that he had misadvised his client as to the consequences of a plea of guilty is not entitled to credibility. The court's reason for so stating was that at the sentencing proceeding, counsel, in the presence of Castro, moved the court to impose the minimum term under the mandatory provisions of the statute. The court added:

> "If, as now urged, petitioner had been led to believe that he would get probation or be sentenced under the 'Youth Act,' it shocks credulity that his attorney did not seek probation, that the defendant, in exercising his right of allocution, did not ask for it and that no expression of protest or surprise of any kind was made when the present sentence was imposed upon petitioner for sale of a large quantity of heroin." [6]

■ The circumstances referred to in the quoted statement are appropriate for consideration in finding the facts on the question of whether Castro understandingly pleaded guilty. They do not, in our view, provide a basis for disposing of the section 2255 application, raising this factual question, without a hearing. We therefore hold that, at the very least, Castro is entitled to a hearing on his section 2255 application. See Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473.

But Castro argues that he is entitled to more complete relief at this time. Citing Heiden v. United States, 9 Cir., 353 F.2d 53, he contends that, on the basis of the section 2255 application and the record of the plea proceedings, the district court should have vacated the judgment of conviction, together with the sentence and the plea of guilty upon which the conviction is based, and afforded him a new opportunity to plead to the indictment.

Under *Heiden,* it was held that the facts necessary for a determination that the defendant voluntarily and intelligently pleaded guilty must appear in the record at the time the plea is accepted. If the record indicates that this procedure was not followed, and the defendant later asserts facts which indicate that he did not voluntarily and intelligently enter his plea, and a proper examination of the defendant by the judge at the time the plea of guilty was received would have disclosed such facts, *Heiden* holds that prejudice to the accused is established when he is later required to prove or disprove his state of mind at the time of his plea. To avoid this prejudice, according to *Heiden,* the defendant is, under these circumstances, entitled to have his conviction and sentence set aside, and is given a new opportunity to plead to the indictment.[7]

---

6. The court also noted that over a year and a half elapsed between the taking of the plea of guilty and his claim, in this section 2255 proceeding, that it was not made voluntarily and understandingly.

7. An exception is made where the defect in the plea procedure comes to light at the time of the sentencing, the defendant is then correctly advised as to the consequences of a plea of guilty and is of-

The circumstances of the case now before us, reviewed earlier in this opinion, reveal that the guilty-plea procedure outlined in *Heiden* was not followed here, and that Castro's section 2255 application contains the essential allegations necessary to invoke the relief prescribed in *Heiden*. The record of the plea proceedings does not establish that Castro correctly understood the consequences of his plea and an examination of Castro at that time would have exposed, and led to the correction of, his alleged misunderstanding.

But *Heiden* was decided on November 2, 1965, and we decline to apply it retrospectively to other cases in which the plea of guilty was received prior to that date. If the plea was accepted after that date, then the *Heiden* rule is applicable whether the question is raised on direct appeal or collaterally.

The considerations which lead us to so hold are similar to those which have led the Supreme Court to make like rulings as to retroactivity in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

In so ruling, we have not overlooked the fact that *Heiden* itself was a section 2255 proceeding, commenced after a conviction had been obtained and had become final.

While a question concerning the procedure for accepting a plea of guilty can theoretically be raised on direct appeal, it is rarely that an alleged defect in such procedure comes to light in time for this to be done. Consequently an appellate court is ordinarily first presented with such a question in a collateral proceeding such as the one now before us.

If the appellate court concludes in a collateral proceeding that there was a substantial impropriety in the plea procedure, it is appropriate to give the applicant the benefit of the ruling. This is dictated not only by the requirement of Article III of the Constitution that we resolve issues solely in concrete cases or controversies, but also by the fact that, otherwise, counsel would have less incentive to advance contentions requiring a change in the law. See Stovall v. Denno, 388 U.S. at 300–301, 87 S.Ct. 1967.

But the fact that, for these reasons, the applicant who first raises the point receives the benefit of the new ruling, does not preclude the court from giving the ruling only prospective application as to others. The seeming inequity in fixing such a cut-off date is outbalanced by the factors of reliance and burden on the administration of justice which argue for prospective application only in other cases. See Stovall v. Denno, 388 U.S. at 300–301, 87 S.Ct. 1967.

The *Heiden* rule has heretofore been applied retroactively in a supplemental order in Freeman v. United States, 9 Cir., 350 F.2d 940, 943, and in a per curiam opinion in Geter v. United States, 9 Cir., 353 F.2d 208.[8] In neither of these cases was the question of retroactivity of the *Heiden* rule raised or discussed. Accordingly, we do not regard *Freeman* and *Geter* as controlling on the question of whether *Heiden* should be applied prospectively only.

The order is reversed and the cause is remanded with directions to grant Castro a hearing on his section 2255 application. In the event this hearing results in an order setting aside the sentence, conviction and plea of guilty, thereby affording Castro a new opportunity to plead to Count 1 of the indictment, the district court order dismissing, upon the motion of the Government, and the tacit consent of Castro, the remaining three counts of the indictment may, upon the

---

fered the opportunity to withdraw his guilty plea, and the defendant, being so advised, chooses to remain with his guilty plea. See McClure v. United States, 9 Cir., 389 F.2d 279, decided on January 22, 1968.

8. The *Heiden* rule has also been applied retroactively by at least one district court in this circuit. See Quibell v. United States, S.D.Cal., 265 F.Supp. 474.

motion of the Government and in the discretion of the district court, be set aside, so as to restore the criminal proceeding to the same status it had before the plea of guilty was received. See Munich v. United States, 9 Cir., 337 F.2d 356, 361.