**Ralph MASCIOLA, Appellant,**

v.

**UNITED STATES of America.**

**No. 72–1261.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 30, 1972.

Decided Nov. 20, 1972.

---

Ralph Masciola, pro se.

George E. Mittelholzer, Asst. U. S. Atty., Newark, N. J., for appellee.

Before KALODNER, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Federal prisoner Ralph Masciola appeals the denial of a motion in the United States District Court for the District of New Jersey for post-conviction relief under 28 U.S.C. § 2255 and for permission to withdraw a guilty plea under Federal Rule of Criminal Procedure 32(d). The motion is premised on Masciola's allegation that his trial counsel inaccurately "assured" him that he would receive a concurrent sentence if he pleaded guilty. Inaccurate assurance by counsel, or erroneous expectations of defendant, as to sentencing are not in and of themselves grounds for reversal of a conviction or for permission to withdraw a guilty plea. We therefore affirm the district court's dismissal.

Masciola was indicted on December 15, 1969, for violation of 18 U.S.C. § 371, conspiracy to commit an offense against or defraud the United States. He withdrew an earlier not guilty plea and pleaded guilty on October 23, 1970. Masciola now alleges that both his counsel and counsel for a codefendant assured him at that time that any sentence would run concurrently with a sentence he was already serving. He does not indicate on what basis the assurances were made, nor does he allege any Government in-

volvement in communicating to him the assurances. He also does not allege any understanding between him and the United States Attorney's office or the court. Subsequently, on March 15, 1971, Masciola was given a two year sentence to run consecutively following his prior seven year sentence.

At the time of his plea, Masciola answered affirmatively the presiding judge's questions whether he (1) knew the contents of the indictment; (2) knew the facts alleged in the indictment; (3) was voluntarily pleading guilty; (4) knew he could be sentenced to five years in prison or fined $10,000, or both; and (5) desired to forego a jury trial. He answered negatively questions whether he had received (1) threats or promises to induce the guilty plea, or (2) understandings as to what sentence he would receive.

In challenging the voluntariness of the guilty plea, Masciola filed affidavits with the district court reciting counsels' assurances. The Government moved to dismiss the petition. The court granted the petition to dismiss without a hearing, relying solely on the affidavits and the record of the pleading proceedings.

■ An erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary. Wellnitz v. Page, 420 F.2d 935 (10th Cir. 1970). Here, with no facts alleged to indicate that counsels' assurances were any more than predictions based on counsels' knowledge and experience the *Wellnitz* principle is applicable.

■ When the pleading proceedings record shows clearly that defendant was questioned as to the voluntariness of his plea, there is no need for an evidentiary hearing to reconsider the voluntariness issue when the only claim is that counsel inaccurately predicted the sentence. Swanson v. United States, 304 F.2d 865 (8th Cir.), cert. denied, 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); Moore v. United States, 334 F.2d 25 (5th Cir. 1964). Defendant acknowledged when pleading that he was aware that he could be sentenced to five years. Any "understanding" he had as to the sentence was based only on counsels' assurances; he alleges no understanding with the prosecutor. Petitioner is therefore not aided by reliance on Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971), and, in view of the foregoing record in the plea proceedings, a post-conviction hearing is not required. *Compare* United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (3d Cir. 1972). The district court committed no error in refusing to grant a § 2255 hearing.

The present case differs significantly from Castro v. United States, 396 F.2d 345 (9th Cir. 1968), relied on by appellant. There, a § 2255 hearing was ordered to determine voluntariness of a plea based on counsel's affidavit that he had erroneously advised defendant as to what sentence he would receive. The pleading proceedings record in *Castro*, however, unlike the present record, failed to show defendant's understanding of the consequences of a guilty plea. The court's only inquiry into the voluntariness of the *Castro* plea was to ask defendant's counsel if counsel had explained the consequences to defendant. It was impossible to ascertain from the pleading record in *Castro* whether defendant was aware of his possible sentence. That is not true here. Masciola explicitly told the presiding judge that he was aware he could be sentenced to five years.

■ Appellant is not aided by his reference to Rule 32(d), which allows withdrawal of a plea after conviction "to correct manifest injustice." Manifest injustice does not result from erroneous advice from counsel as to what sentence will be imposed. Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436, 440 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964); Criser v. United States, 319 F.2d 849 (10th Cir. 1963).

The judgment of the district court will be affirmed.