

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2004

# USA v. Macon

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Macon" (2004). *2004 Decisions*. Paper 933.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/933

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3520

———

UNITED STATES OF AMERICA

v.

ALPHONSO L. MACON, JR.,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 99-cr-00126)
District Judge:  Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2004

Before: SLOVITER, NYGAARD, Circuit Judges, and OBERDORFER, District Judge*

(Filed March 17, 2004)

———

OPINION OF THE COURT

———

---

\* Hon. Louis F. Oberdorfer, Senior District Judge, United States District
Court for the District of Columbia, sitting by designation.

SLOVITER, Circuit Judge.

Before us is the appeal of Alphonso L. Macon from the decision of the District Court denying Macon's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## I.
## Background

A grand jury indicted Macon for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), and with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). In August, 1999, Macon pled guilty to Count One. In exchange for Macon's plea, the Government agreed, among other things, to move for dismissal of any remaining counts at sentencing and to recommend that the quantity of cocaine and cocaine base attributed to Macon be more than five (5) grams but less than fifty (50) grams. The Government also agreed to recommend a three-point reduction in Macon's offense level "if the defendant can adequately demonstrate [his] acceptance of responsibility to the government."

Overruling Macon's objections to the Pre-Sentence Report ("PSR"), the District Court denied Macon a reduction in offense level for acceptance of responsibility, found the drug quantity attributable to him to be in excess of 50 grams of cocaine and cocaine base, adjudicated him as a career offender, and sentenced him, *inter alia*, to 360 months in prison. At a re-sentencing pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure, the District Court corrected its findings regarding the career offender

enhancement, granted a downward departure pursuant to U.S.S.G. § 5K2.0 because Macon's prior convictions overstated the seriousness of his criminal history, and sentenced Macon to 210 months in prison, with a fine of $1500, a $100 special assessment, and five years of supervised release. This Court affirmed. United States v. Macon, 234 F.3d 1266 (3d Cir. 2000), cert. denied, 531 U.S. 1173 (2001).

Macon raised four ineffective assistance of counsel claims in his timely filed § 2255 motion. The District Court denied relief on the merits. Specifically with regard to Macon's first claim, the District Court held that appellate counsel was not ineffective in failing to claim that the Government breached the plea agreement when it failed to recommend a reduction in offense level for Macon's acceptance of responsibility. App. at 122-124. The District Court found that the Government's obligation to recommend such a reduction was contingent on Macon's demonstration of acceptance of responsibility to the Government's satisfaction, and thus it was not unconditional. App. at 124. Nevertheless, the District Court granted a certificate of appealability on this issue; the District Court denied a certificate of appealability on the remaining claims. Macon timely appealed and counsel was duly appointed. We permitted Macon to file a pro se brief in which he has raised the ineffective counsel claims on which the District Court denied a certificate of appealability.[1] We will address Macon's counseled brief as well as the arguments raised in his *pro se* brief.

---

[1]   We will construe the *pro se* brief as Macon's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1).

## II.
## Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2255 and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1291. As to the issue on which the District Court granted a certificate of appealability, we exercise plenary review over the District Court's legal conclusions and review any factual findings for clear error. As for Macon's appeal of the District Court's denial of the ineffective assistance of counsel claims raised in his pro se brief, an appeal may not be taken unless this Court first issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if Macon has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-El v. Cockrell, 123 S. Ct. 1029, 1039-40 (2003). Macon must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; Miller-El, 123 S. Ct. at 1039-40.

## III.
## Discussion

All of Macon's claims concern the ineffectiveness of trial and appellate counsel. Ineffectiveness of counsel must be measured by the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Macon must show that his attorney's performance was unreasonable under prevailing professional norms, and prejudice as a result thereof. Id. Where the collateral challenge is to a plea of guilty rather than a trial verdict, Macon must

4

show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

## A.

We first address Macon's ineffective-counsel claim with respect to the Government's failure to recommend a three-point reduction in offense level for acceptance of responsibility. Relying on United States v. Gomez, 271 F.3d 770 (8th Cir. 2001), Macon argues that the plea agreement entitled him to the Government's recommendation, that the Government breached the plea agreement when it failed to make the required recommendation, and that appellate counsel was ineffective for failing to raise the breach issue on appeal. We disagree.

Plea agreements are contractual in nature and are measured by contract law standards. United States v. Nolan-Cooper, 155 F.3d 221, 236 (3d Cir. 1998). "Because the defendant, by entering into the plea, surrenders a number of h[is] constitutional rights, courts are compelled to scrutinize closely the promise made by the government in order to determine whether it has been performed." Id. (internal quotation marks omitted). "'In view of the government's tremendous bargaining power, we will strictly construe the text against it' as the drafter of plea agreements to the extent the agreement is ambiguous." United States v. Rivera, 357 F.3d 290, 295 (3d Cir. 2004) (quoting United States v. Baird, 218 F.3d 221, 229) (3d Cir. 2000)). In this case, the language of the agreement is

perfectly clear.

The dispute on appeal centers on Paragraph 10 of the plea agreement, which provides in pertinent part, "if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney will [ ] recommend that the defendant receive a three-point reduction in the defendant's offense level for acceptance of responsibility." App. at 21. Unlike the unconditional "entitlement" language contained in the plea agreement in Gomez, see 271 F.3d at 780 & 781, the Government only agreed in Macon's case to recommend a reduction for acceptance of responsibility upon Macon's adequate showing that he accepted responsibility. Indeed, the parties acknowledged as much when they agreed that Macon "will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines." App. at 21. Thus, although the agreement was predicated on the assumption that Macon would make the requisite showing, the Government's obligation to recommend a three-point reduction was contingent on Macon's actual demonstration of acceptance of responsibility in accordance with the sentencing guidelines, U.S.S.G. § 3E1.1. The Probation Office determined that a reduction in offense level was not warranted because Macon failed to acknowledge his source of drugs and his culpability in the drug offense, and he initially twice denied writing a letter to his co-defendant cautioning her not to reveal anything about his activities to federal investigators. The Government apparently relied on the determination that Macon had failed to accept

responsibility in deciding not to recommend the three-point reduction. Pursuant to the language of the agreement, Macon's failure to demonstrate acceptance of responsibility obviated the Government's obligation to recommend the three-point reduction. Because the Government was not obliged to make the recommendation, it did not breach the plea agreement when it failed to do so. Moreover, because this issue was not meritorious, appellate counsel was not ineffective for failing to raise it. Accordingly, we will affirm the District Court's denial of relief.

## B.

We now turn to Macon's <u>pro se</u> claims.[2] Macon contends that (1) plea counsel erroneously advised him that his minimum/maximum sentence under the sentencing guidelines would be 100-125 months of imprisonment without considering or advising Macon of a two-level increase for possession of a firearm and of Macon's career offender status; (2) plea counsel and appellate counsel failed to challenge the District Court's failure to inform Macon of the nature of the charges and their elements, in violation of Fed. R. Crim. P. 11(c)(1); and (3) plea counsel and appellate counsel failed to claim that the District Court's erred in imposing a fine without first determining Macon's ability to pay. For the following reasons, we deny a certificate of appealability.

First, as for Macon's claim that plea counsel erroneously gave him an inaccurate estimation of the minimum/maximum sentence Macon would receive under the

---

[2] Macon's counsel and the Government briefed these claims as well.

7

sentencing guidelines, we have long held that an erroneous sentencing prediction by counsel does not constitute ineffective assistance of counsel where an adequate plea hearing was conducted. United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003); Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972). After receiving assurances from Macon that his plea was not coerced or involuntary, the District Court properly advised Macon of the minimum/maximum imprisonment range for the offense to which he pled guilty and of the role of the Sentencing Guidelines:

> THE COURT: Has anyone promised you what your sentence would be?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: In that regard, do you understand that depending upon the amount of drugs that his Court determines that you are involved with, you could either have a maximum penalty of 40 years in prison or life depending on the amount, a fine of $2 million or $4 million depending on the amount, whether it's more than 50 grams?
>
> THE DEFENDANT: Yes ma'am.
>
> THE COURT: If the Court determines it's 50 grams or less, you would have a mandatory minimum of 5 years in prison. If it's more than 50 grams, you would have a mandatory minimum of 10 years. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Also you would be subject to a term of supervised release, costs of prosecution, denial of certain federal benefits and a special assessment of $100. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that there are sentencing guidelines that

> this Court must follow, and that I cannot depart from these guidelines except under special circumstances? Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

App. at 40-41. Based on the adequacy of the foregoing plea colloquy, and the lack of any allegation of prosecutorial involvement, we can only conclude that counsel's alleged erroneous sentencing prediction was simply that, a prediction, and as such, it did not amount to ineffective assistance.

Macon argues that the District Court erred in denying the claim without holding an evidentiary hearing on plea counsel's failure to advise Macon of the impact at sentencing of his career offender status and gun possession. A court must order an evidentiary hearing unless the motion and files and records of the case show conclusively that the prisoner is not entitled to relief. 28 U.S.C. § 2255. Here, no hearing was warranted because the record showed conclusively that Macon was not entitled to relief. Macon explicitly acknowledged at the plea colloquy that he could be sentenced to a minimum of 5 years and to a maximum of life in prison depending on the amount of drugs attributable to him. Therefore he knew the length of his potential sentence. Accordingly, counsel's alleged failure to advise him of the impact of career offender status and the two-point increase in offense level for gun possession during the commission of the offense could not have been prejudicial because the impact on sentencing would have been the same. Simply put, counsel was not ineffective because Macon was fully aware that counsel's estimates regarding the length of sentence were merely predictions based on information

9

available to counsel at the time. See Masciola, 469 F.2d at 1059. Macon's reliance on United States v. McCoy, 215 F.3d 102 (D.C. Cir. 2000), is misplaced. In McCoy, plea counsel's miscalculation of the applicable sentencing range was reinforced by the prosecutor. More importantly, the court never informed McCoy of the maximum statutory penalty. These facts are not present here.

The District Court also rejected Macon's ineffective-counsel claim regarding the Court's alleged failure to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understand . . . the nature of the charge to which the plea is offered . . . ." Fed. R. Crim. P. 11(c)(1). In simple cases such as Macon's, the Rule 11 mandate "does not preclude an explanation by reading the indictment." Paradiso v. United States, 482 F.2d 409, 414 (3d Cir. 1973); see also United States v. Syal, 963 F.2d 900, 904-05 (6th Cir. 1992). Here, the District Court complied with Rule 11(c)(1) by reading Count One of the indictment to Macon before the Government set forth the factual basis for the plea. Macon replied in the negative when asked if he had any questions about the charge to which he was pleading guilty. In light of the Court's substantial compliance with Rule 11, neither plea counsel nor appellate counsel was ineffective for failing to object at the plea hearing or failing to raise such an issue on appeal.

Macon's final ineffectiveness claim concerns counsel's failure to challenge the District Court's imposition of a fine absent explicit findings on ability to pay. The

sentencing record shows, however, that the District Court adopted the determinations of the Probation Office, namely that Macon had no assets or liabilities, no credit history, and no record of filing tax returns, and it imposed a fine below the guideline range because of Macon's inability to pay. App. at 78 & 89. Macon's claim, therefore, is without merit because the District Court in effect made the necessary findings.

**IV.**
**Conclusion**

The judgment of the District Court denying Macon's ineffectiveness claim regarding the Government's alleged failure to recommend a reduction in offense level for acceptance of responsibility will be affirmed. We deny a certificate of appealability on the remaining claims because Macon has failed to make a substantial showing of the denial of a constitutional right.