**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2694
_____

UNITED STATES OF AMERICA

v.

ROBERT CORMIER,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-15-cr-00248-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2018
_____

Before: JORDAN, VANASKIE, and RENDELL, *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

On the advice of counsel, Appellant Robert Cormier pleaded guilty to a single count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). Before sentencing, Cormier moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11 based on erroneous legal advice from his attorney regarding the applicability of the Armed Career Criminal Act ("ACCA") to his conviction and any potential sentence enhancement he could receive as a result. Following a hearing on the issue, the District Court denied Cormier's motion, finding that Cormier had failed to demonstrate a "fair and just reason" warranting withdrawal of his guilty plea. Thereafter, at sentencing, the District Court determined that Cormier qualified as an "armed career criminal" under ACCA and concluded that his guideline sentencing range was 180-210 months in prison. The District Court ultimately sentenced Cormier to the mandatory minimum period of incarceration of 180 months, followed by five years of supervised release.

Cormier now contends that the District Court abused its discretion in denying his motion to withdraw his guilty plea because his plea was involuntary due to the ineffective assistance of counsel he received. Such ineffective assistance, he argues, amounts to a "fair and just reason" permitting withdrawal of his plea. For the reasons that follow, we will affirm the judgment and sentence of the District Court.

# I. BACKGROUND

## A. *Rule 11 Plea Hearing*

In October 2015, Cormier entered a plea of "not guilty" to a single-count indictment charging him with a violation of § 922(g). The indictment also included an allegation that the underlying conduct supporting the charge was in violation of 18 U.S.C. § 924(e) of ACCA.

After the District Court appointed an Assistant Federal Public Defender as counsel, Cormier pled guilty without a written plea agreement in March 2016. To ensure that his plea was knowing, voluntary, and intelligent, the District Court conducted an extensive Rule 11 colloquy on the record. To that end, the District Court first confirmed that Cormier was "fully alert and aware of the nature and purpose of the hearing." (App. 10, 41-42). Cormier also affirmed, on the record, that he was not pleading guilty due to threats or promises and that he understood his constitutional right to a jury trial and desired to waive that right. The District Court also inquired whether Cormier had reviewed the indictment and discussed any potential defenses, as well as the consequences of pleading guilty, with his attorney. Cormier responded that he had, and confirmed that he had received sufficient time to consult with counsel.

Regarding the possible sentence, the District Court informed Cormier of the potential minimum and maximum terms of imprisonment, including any enhanced sentencing exposure if ACCA was found to be applicable:

> DISTRICT COURT: [Addressing the Assistant United States Attorney] [A]t this time would you kindly place on the record the maximum term of imprisonment under the United States Code for this offense, the fine,

maximum term of supervised release, and the details of this conviction if the court accepts [Cormier]'s guilty plea?

***

[AUSA]: Your honor, [Cormier] is charged with a violation of . . . § 922(g). The maximum penalty for this is ten years imprison[ment], a $250,000 fine, three years of supervised release, and a $100 special assessment. . . . **[T]he government also believes that [Cormier] will be subject to the penalties of [ACCA]. This is noted in the indictment. The mandatory minimum under [ACCA] is fifteen years imprisonment, a maximum of life, $250,000 fine, five years supervised release, and a $100 special assessment.**

DISTRICT COURT: All right. So it's really the latter that's determinative in this case if [ACCA] applies.

[AUSA]: Yes. I expect it will be disputed by the defense.

CORMIER'S ATTORNEY: We will.

(App. 45-46 (emphasis added)). Given the disputed applicability of ACCA, the District Court twice confirmed Cormier's understanding of its potential impact on the terms of his sentence. First, it asked Cormier whether he understood "that those [were] the penalties that [he would be] facing" if the court determined that ACCA applied. (App. 46). Cormier responded in the affirmative. Second, the District Court asked Cormier, once again, whether he understood that "if [his] attorney's arguments [regarding ACCA were] not successful," he was "certainly" facing "at least . . . a minimum term [of imprisonment] of fifteen years." (*Id.*). Again, Cormier responded, "Yes." (*Id.*)

The District Court then advised Cormier that the Court must consider the United States Sentencing Guidelines ("Guidelines") in setting an appropriate sentence. The District Court also informed Cormier that his prior convictions could affect the Guidelines sentencing range. Cormier indicated that he understood the process, had

4

spoken to his attorney about the Guidelines that could apply to his case, and understood that his criminal history could affect his sentence. Throughout this exchange, the District Court repeatedly underscored the fact that Cormier's dissatisfaction with his ultimate sentence would not constitute a valid basis for withdrawing his guilty plea. It also informed him that any erroneous prediction by his counsel of the applicable Guidelines range would not serve as a basis for withdrawing his plea. (App. 49). Cormier further acknowledged that the Guidelines range was only "advisory," and that "no one [could] guarantee [him] what sentence he [would] get from [the District Court.]" (App. 44, 49).

Following this discussion, Cormier twice affirmed on the record that he was pleading guilty because he was, in fact, guilty. In addition, the Government provided a factual narrative to support the indictment and guilty plea. Although Cormier disputed some of the facts the Government proffered, the District Court and both parties agreed that Cormier's testimony regarding exactly what conduct he was admitting to satisfied § 922(g). The District Court then accepted Cormier's guilty plea.

B. *Motion to Withdraw Guilty Plea and Related Hearing*

The presentence investigation report ("PSR") prepared by the Probation Office concluded, *inter alia*, that Cormier was an armed career criminal subject to the enhanced penalties of ACCA. However, prior to sentencing, Cormier corresponded with the District Court directly, expressing his concern and confusion regarding his armed career criminal status as a result of a letter he received from his counsel in which she indicated that she had provided him incorrect legal advice. Specifically, his counsel wrote that her earlier assurances that Cormier would not be subject to ACCA and that his sentence

5

would likely be in the five- to seven-year range were incorrect. She also informed him of several options he could pursue as a result of the mistake, including petitioning the District Court to withdraw his plea. Indeed, with the help of a later second court-appointed counsel, Cormier moved to withdraw his guilty plea and the District Court scheduled a hearing on the motion.

At the plea withdrawal hearing, Cormier reconfirmed that the District Court, the Government, and even prior counsel had all stated, on several occasions, on the record, "that the minimum [sentence he faced] was 15 [years] and the maximum was life." (App. 119). Cormier also testified to his prior counsel's advice that, notwithstanding her prediction, his ultimate sentence "was up to the judge," (App. 118), and that his sentencing range, if the court determined that ACCA applied, could be as high as fifteen years to life imprisonment, (App. 121). The District Court also confirmed that all parties were aware that the applicability of ACCA was a live issue that would ultimately determine Cormier's minimum sentence:

> DISTRICT COURT: So everybody knew that . . . the application of [ACCA] was at issue. And then I followed up with [Cormier]. And I said, "All right. But nevertheless, do you understand that these . . . are the penalties you are facing?" And Mr. Cormier said, "Yes."
>
> And after that, I said, "All right. So we're talking about a mandatory minimum term of 15 years. You understand that if your attorney's arguments are not successful, you're certainly at least potentially facing a minimum term of 15 years? Yes. And a maximum term of life? Yes." So this was an issue that was fully addressed. . . .
>
> So I don't understand how [defense counsel]'s ineffectiveness is not superseded by the transcript which brought out the fact that we have a very serious dispute here over what the potential mandatory minimum is. And . .

6

. I even asked [Cormier], you understand if your attorney's arguments are not successful, you are going to face that mandatory minimum.

(App. 131-32). In light of the foregoing, the District Court denied Cormier's motion to withdraw his guilty plea and sentenced Cormier to the mandatory minimum period of incarceration of 180 months. This appeal timely followed.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the denial of a motion to withdraw a guilty plea before sentencing under an abuse of discretion standard. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)).

## III.     DISCUSSION

Cormier maintains that his plea was not knowing and voluntary because he received ineffective assistance of counsel regarding the applicability of ACCA, and, but for her advice, he would have gone to trial. Cormier insists that such ineffective assistance is a "fair and just reason" permitting withdrawal because it would be a miscarriage of justice to conclude that his plea was knowing, intelligent, and voluntary in light of the erroneous advice of counsel.

Our precedent makes clear that, once a district court has accepted a defendant's guilty plea, he is not entitled to withdraw it because he faces a harsher punishment than originally expected or some other sentencing outcome that he finds unsatisfactory. *See United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citation omitted). Instead, a

7

defendant may only withdraw his guilty plea before sentencing by demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). District courts employ a three-factor test to evaluate whether a defendant has met the "substantial" burden of providing a "fair and just reason" justifying withdrawal of his plea: (1) whether the defendant "asserts his innocence"; (2) the strength of the defendant's reasons for withdrawing the plea; and, (3) whether "the government would be prejudiced by the withdrawal." *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010) (citation and internal quotation marks omitted); *see also United States v. Hyde*, 520 U.S. 670, 676–77 (1997). Cormier avers that he has satisfied all three factors. For the reasons that follow, we conclude that Cormier has at least failed to satisfy the first two factors.[1]

A. *Innocence*

Cormier claims that, although he "came into possession of [a] firearm" on the night of his arrest, he never discharged the weapon. Thus, Cormier appears to contend that he is factually innocent regarding a "portion" of the § 922(g) charge because he never shot the firearm in question. (App. 124; Appellant's Brief 16). In addition, Cormier claims that the only reason he came into possession of the firearm at all was because he was forced to remove it from an individual who had threatened him with the

---

[1] Because we agree with the District Court that Cormier failed to meaningfully establish innocence or provide sufficiently compelling reason(s) for withdrawing his plea, we need not address the issue of potential prejudice to the Government. *See Jones*, 336 F.3d at 255 (citing *Harris*, 44 F.3d at 1210).

weapon. (App. 56). Therefore, Cormier maintains that he has demonstrated, at the very least, that he is "legally innocent," because the record supports a claim that his possession of the weapon was justified. We agree with the District Court that Cormier failed to establish either factual or legal innocence.

Regarding Cormier's claim of "factual innocence," Cormier's testimony during both the Rule 11 and plea withdrawal hearing belies his assertion that he is "factually innocent." Cormier admitted that he possessed the firearm in question and "acknowledged that his prior convictions prohibit[ed] him from possessing a firearm." (App. 20). Moreover, as the District Court correctly explained, the fact that Cormier may not have fired a shot is irrelevant to his claim of factual innocence, as discharging the firearm is not an element of the charged offense, § 922(g). Thus, we agree that Cormier did not meaningfully assert factual innocence.

Turning to Cormier's claim of "legal innocence," although we recognize justification as "a valid defense to a felon-in-possession charge," *United States v. Alston*, 526 F.3d 91, 94 (3d Cir. 2008), we find that the District Court did not abuse its discretion in concluding that Cormier failed to establish, by a preponderance of the evidence, that he acted in self-defense or otherwise possessed the gun for a legally defensible reason. Although Cormier claimed that video evidence, if developed through discovery, would "potentially reveal 'a meritorious justification defense,'" (Appellant's Brief 16-17 (quoting App. 64, 123-24)), these "bare assertions of innocence," without other facts in the record to buttress his claim, are insufficient to justify withdrawal of his guilty plea. *See Jones*, 336 F.3d at 254; *see also Brown*, 250 F.3d at 817 (noting that the simple

9

assertion of the "*possibility* of an alibi defense . . . does not demonstrate that [appellant] had an alibi. The mere fact that [appellant] maintained that he had an alibi does not mean that one existed"). Furthermore, Cormier has not adequately explained why he took contradictory positions before the District Court except to say that he received erroneous legal advice from counsel. *See Jones*, 336 F.3d at 253 ("Once a defendant has pleaded guilty, he must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." (citation and internal quotation marks omitted)).

Accordingly, we concur that Cormier failed to meet his "substantial" burden of demonstrating innocence. However, if a defendant offers a sufficiently compelling reason to withdraw his plea, the court may nonetheless grant his motion to withdraw notwithstanding his failure to assert factual or legal innocence. *United States v. Stayton*, 408 F.2d 559, 561 n.5 (3d Cir. 1969). Thus, we now turn to the strength of Cormier's reasons for withdrawing his plea.

### B. *Strength of Reasons for Withdrawing Plea*

At the heart of Cormier's appeal is his assertion that his guilty plea was involuntary due to prior counsel's erroneous advice regarding the applicability of ACCA to his conviction.[2] A court will permit a defendant to withdraw his guilty plea based on

---

[2] Although a defendant may not normally "'attack the efficacy of [his] counsel on direct appeal[,]'" he may do so if "'the record is sufficient to allow determination of effective assistance of counsel.'" *Jones*, 336 F.3d at 254 (quoting *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)). Here, as in *Jones*, the District Court

10

ineffective assistance of counsel "only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms . . . and (2) the defendant shows that he suffered sufficient prejudice from his counsel's errors." *Jones*, 336 F.3d at 253–54 (internal citations omitted). We will proceed, as the District Court did, under the assumption that prior counsel's advice was professionally unreasonable. Therefore, we need only consider whether the District Court abused its discretion when it determined that Cormier did not suffer prejudice from prior counsel's erroneous advice.

When a defendant seeks to withdraw his plea based on the expectation of a lighter sentence, he must show that his expectation was objectively reasonable under the circumstances. *See United States v. Crusco*, 536 F.2d 21, 24 (3d Cir. 1976) (citation omitted). Courts consider advice from prior counsel as well as any promises made by the government and/or statements from the court to determine whether a defendant's sentencing expectations were reasonable. *See id.* Importantly, we have long held that any prejudice resulting from an erroneous sentencing prediction is cured by a thorough Rule 11 plea colloquy. *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) (per curiam) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that the

---

conducted a withdrawal of plea hearing with Cormier and his new counsel during which it specifically considered Cormier's ineffective assistance of counsel allegation, and the effect, if any, it may have had on the voluntariness of his guilty plea. Therefore, the withdrawal of plea hearing created an adequate record from which we can assess Cormier's allegations.

11

court conducted a proper plea colloquy during which defendant acknowledged that he was aware of his maximum potential sentence); *cf. United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (citing *Jones*, 336 F.3d at 254) (concluding that defendant could not demonstrate ineffective assistance when counsel erroneously informed him that he would receive "a sentence of 'no more than 71 months' where [he] was advised in open-court colloquy of potential maximum sentence and there were no other promises regarding sentence").

In this case, the District Court engaged in a thorough and searching inquiry during Cormier's plea hearing to ascertain whether Cormier understood and agreed with the terms of his guilty plea and the potential sentence. Further, Cormier affirmed on multiple occasions that he understood the implications of his decision to plead guilty, such as the possibility that he could be subject to ACCA's enhanced penalties, including a longer minimum sentence than that articulated by his attorney. He also voiced no concern, at any point, when the District Court unequivocally stated that he faced a potential mandatory minimum term of fifteen years' imprisonment, a sentence more than double that estimated by counsel. Consequently, any prejudice resulting from the erroneous sentencing information provided by prior counsel was remedied by the detailed in-court plea colloquy. *See, e.g., United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to the sentence, and that the court could sentence him to the maximum."). Given this record, we cannot say that the District Court abused its

12

discretion when it denied Cormier's motion to withdraw his plea because Cormier's plea was, by all accounts, knowing, voluntary, and intelligent.

## IV.  CONCLUSION

The District Court did not abuse its discretion in denying Cormier's motion to withdraw his guilty plea.  Thus, for the foregoing reasons, we will affirm the judgment and sentence of the District Court.